IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUKAS P. MERITHEW, <u>et. al.</u> ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:08-cv-752 |
| ) | |
| ) | JUDGE HAYNES |
| INTERNATIONAL BROTHERHOOD ) | |
| OF TEAMSTERS, <u>et. al.</u> ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiffs Lukas P. Merithew and Keyne R. Merithew, individually, and on behalf of Chance J. Merithew, Tristen A Merithew, and Kimber R. Merithew, minors, and on behalf of all similarly situated minors and their guardians, filed this class action against Defendants: International Brotherhood of Teamsters, International Brotherhood of Teamsters Local 327, Calvin Edward Hullett, Joe T. Everson, Jesse Case, David Dickerson, Jimmy Neal, and Amber Kitchen. This action arises from the secret videotaping at a youth summer camp run by the Fraternal Order of Police, Andrew Jackson Lodge 5 ("FOP") in Summer 2007. Plaintiffs assert one federal claim under 42 U.S.C. § 1983 ("Section 1983") and several state law claims.

Before the Court are the Defendants' motions to dismiss the amended complaint (Docket Entry Nos. 49, 54) contending that dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) and (6), to which Plaintiffs have responded. (Docket Entry No. 65). Specifically, Defendants argue that Plaintiffs cannot satisfy the color of state law requirement of the Section 1983 claim, without

1

which their sole federal claim fails. Defendants also assert that the statute of limitations has run as to the adult Plaintiffs on the Section 1983 claim.

By Order dated June 19, 2009, the Court dismissed the related case of Fraternal Order of Police Andrew Jackson Lodge 5, et al., v. Intl. Bhd. of Teamsters, et. al., 3:08-cv-670, a factually similar action also stemming from the secret taping of the FOP camp (the "Related Case"). (Docket Entry No. 67, Case No. 3:08cv670). In the Related Case, basis of the Section 1983 claim[1] was that Hullett, a labor organizer and former Metropolitan Nashville Police Officer, contacted Everson, an employee of the Shelby County Sheriff's Office and private surveillance equipment supplier, to discuss the possibility of purchasing video surveillance equipment. (Docket Entry No. 7, Case No. 3:08cv670, at 5-7). Hullett gave Everson a check payable to Everson's company for the installation and equipment drawn on labor funds. Id. at 7. Hullett, Everson and another person met to discuss the installation of surveillance equipment. Id. at 9. Hullett, using a false identity, falsely represented that he was a police officer conducting an investigation into alleged inappropriate activities at the FOP camp. Id. at 7-8. Hullett, Everson, and another individual installed the surveillance equipment. Id. at 9. Hullett paid individuals, sent an email, and attempted to retrieve the video equipment from the FOP camp. Id. at 9-10. Based upon this conduct, Plaintiffs alleged that "[e]ach of the Defendants acted under color of state law because they conspired with a state actor, Defendant Joe T. Everson, to and did deprive the FOP Member Plaintiffs of their constitutional and statutory rights . . . . [.]" Id. at 13.

During a hearing on June 19, 2009 on the Related Case, the Court held in pertinent part:

---

[1] The Court notes that the initial complaint in the instant action made comparable allegations with the Section 1983 claim. (Compare Docket Entry No. 1, Case No. 3:08cv752, with Docket Entry No. 7, Case No. 3:08cv670).

2

> As to the plaintiff's claim under Section 1983, a threshold requirement is that the defendant must act under color of state law.
>
> In Monroe v. Pape, 365 U.S. 167, 164 (1961)[2], the Court stated this requirement as, quote, misuse of power possessed by virtue of state law and made possible only because the wrongdoer is closed[3] with the authority of state law. In subsequent decisions, the Court made it clear that the fact that a person is employed by a governmental entity is not determinative. Polk County v. Dodson 454 U.S. 312-314, Note 4 (1981).
>
> The test is essentially whether the defendant's acts at issue are based upon their function in relation to the government. West v. Atkins 487 U.S. 42, 54-57 (1988). In reviewing the factual allegations in the complaint, Hullett is identified as an organizer. <u>The defendant Everson, who is alleged to have been, at the time of the events at issue, an employee of the Shelby County Sheriff's Department, does not reflect in any way that the actual acts done concerning the purchase and display of video equipment involve any sort of ties to his employer. And the Court finds that he does not act under color of state law.</u>
>
> As to the state trustee who was involved, courts have held that such persons as state prisoners do not act under color of state law. United States v. ex rel Miller v. Twombly 479 F.2d 701 (7th Cir. 1973). The Court also notes that in the Sixth Circuit, an off duty police officer is not a state actor for Section 1983 purposes. Corder v. Metro. Gov't of Nashville and Davidson County, 899 F.2d 14, 1990 WL 895699 (6th Cir. 1990)[4]. <u>Here the Court concludes that the only possible defendant who could be deemed to act under color of state law is the defendant Everson, but for the reasons stated earlier, the acts at issue here involved off duty conduct not related to his governmental function, and the Court concludes that the plaintiff's Section 1983 claim fails.</u>

(Docket Entry No. 70, Case No. 3:08cv670, Transcript of Hearing on June 19, 2009, at 21-23)

(emphasis added). Given the dismissal of federal claims, the Court declined jurisdiction over the

---

[2] Monroe was overruled on other grounds in Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

[3] Should say "clothed." See Polk County, 454 U.S. at 317 (citing United States v. Classic, 313 U.S. 299, 326 (1981), Screws v. United States, 325 U.S. 91 (1945); Monroe, 365 U.S. 167).

[4] Should read: Corder v. Metro. Gov't of Nashville and Davidson County, No. 89-5699, 1990 WL 33708, *2 (6th Cir. March 27, 1990).

3

state law claims and dismissed the action. Id at 23, 25.

After the Court dismissed the Related Case, Plaintiffs amended their complaint in this action to supplement their Section 1983 claims as follows:

> 7. . . . Defendant Everson also owns and operates a specialty security camera business known as "I-SPY".
>
> 38. . . . Hullett met with the trustee, at which meeting Hullett: (a) falsely represented to the trustee that he was a police officer, showing Antol a badge . . . [.]
>
> 39. . . . Defendant Everson, who was a Shelby County Sheriff's Department officer, knowingly conspired and participated in a plan with Hullett to identify themselves as part of an official police investigation and in fact succeeded in impressing upon Anton that they were on the premises under official police business (and therefore acting under the color of state law).
>
>         \*    \*    \*
>
> 42. . . . Hullett, Everson and Dickerson went to the FOP Youth Camp pretending to be Nashville Police Officers in an unmarked white van and white truck and installed video surveillance and equipment . . .[.]
>
> 43. Gary Antol believed Hullett, Everson and Dickerson were police officers with the Internal Affairs division of the Nashville Police Department, as was represented to him by Hullett.
>
>         \*    \*    \*
>
> 72. Defendants Hullett, Everson and Dickerson held themselves out as Police Officers while installing the surveillance equipment at the FOP Youth Camp in furtherance of the Conspiracy that violated the Plaintiffs' constitutional rights.

(Docket Entry No. 48, Amended Complaint, at 2, 8, 9, 13).

For a Rule 12(b)(6) motion to dismiss, the Court must determine if the complaint's factual allegations "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court must "treat all of the well-pleaded allegations of the

4

complaint as true." Miree v. Dekalb County, Ga., 433 U.S. 25, 27 n. 2 (1977). Yet, the district court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

Section 1983 liability requires proof of conduct committed by a person acting under the color of state law that resulted in the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. See also Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). "A claim may be brought under § 1983 only if the defendant acted 'under color' of state law." Rendell-Baker v. Kohn, 457 U.S. 830, 835 (1982).

Under the law of the case doctrine, findings made in litigation become the law of the case for same issues in subsequent stages of the same litigation. Arizona v. California, 460 U.S. 605, 618 (1983). See also United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994). This doctrine also applies to a prior ruling in closely related cases. Alvarez v. Gold Belt, LLC, Civil No. 08-4871(NLH)(KMW), 2009 WL 1473933, *3 (D. N.J. May 26, 2009). The law of the case doctrine dictates that issues that have been decided should only be reopened in extraordinary circumstances. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).

Here, the applicable law of the case is that only Everson could be deemed to act under color of state law and, based upon the facts presented in the Related Case, Everson's actual acts concerning the purchase and display of video equipment did not involve any ties to the Shelby County Sheriff's Office. The Court considers whether Plaintiff's amended complaint reveals state action in light of the law of the case as articulated above. "The inquiry is fact-specific, and the presence of state action is determined on a case-by-case basis." Chapman v. Higbee Co., 319 F.3d 825, 834 (6th Cir. 2003) (citing Burton v. Wilmington Parking Auth, 365 U.S. 715 (1961)).

"The United States Supreme Court has held that acting under color of state law requires that a defendant in a § 1983 action have exercised the power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed by the authority of state law.'" Am. Postal Workers Union, AFL-CIO, Local 96 v. City of Memphis, 361 F.3d 898, 903 (6th Cir. 2004) (citing West, 487 U.S. at 48; Redding v. St. Eward, 241 F.3d 530, 533 (6th Cir. 2001)). A "police officer acts under color of state law when he purports to exercise official authority . . . includ[ing] flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations." City of Memphis,. 261 F.3d at 903 (citations omitted).

Accepting as true the factual allegations in Plaintiff's amended complaint and viewing these allegations in the light most favorable to Plaintiffs, Everson and Hullett planned to "identify themselves as part of an official police investigation." Hullett told Antol that he was a police officer and showed him a badge. Everson, Hullett, and Dickerson arrived to install the surveillance equipment "pretending to be Nashville Police Officers in an unmarked white van and white truck." (Docket Entry No. 48, at 8, 9). Further, "Gary Antol believed Hullett, Everson and Dickerson were police officers with the Internal Affairs division of the Nashville Police Department, **as was represented to him by Hullett**." Id. at 9 (emphasis added).

The Court concludes that there are no facts to indicate that Everson's participation in the secret taping at the FOP camp was tied to his authority as a member of the Shelby County Sheriffs Department. Plaintiffs do not allege that Everson was a MNPD officer, was on duty as an employee of the Shelby County Sheriff's Office, or used manifestations of official authority to portray himself. To the contrary, Plaintiffs allege that Hullett paid Everson's private company I-

SPY, Hullett (not Everson) personally identified himself as a police officer to the trustee and showed him a badge, and they arrived at the FOP camp to install the surveillance equipment in an unmarked white vehicle. For the foregoing reasons, the Court concludes that the amended complaint does not establish the requisite state action element of a Section 1983 claim and, accordingly, Plaintiffs' Section 1983 claim fails.

Based upon its resolution of Plaintiffs' Section 1983 claim, the Court need not reach the Defendants' alternate argument that the adult Plaintiffs' claims are time barred. Without any federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

In conclusion, Defendants' motions to dismiss (Docket Entry Nos. 49, 54) should be granted with respect to Plaintiffs' Section 1983 claim. Plaintiffs' federal claim should be dismissed with prejudice. Plaintiffs' state law claims should be dismissed without prejudice.

It is so **ORDERED**.

Entered this the ___7th___ day of April, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge